# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20 CV 199 MR WCM

| | |
|---|---|
| **MOLLY CORDELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CHEROKEE COUNTY,** | ) |
| **SCOTT LINDSAY, in his official capacity** | ) |
| **as DSS Attorney for Cherokee County,** | ) |
| **SCOTT LINDSAY, in his individual capacity,** | ) |
| **CINDY PALMER, in her official capacity** | ) |
| **as Director of DSS in Cherokee County,** | ) |
| **CINDY PALMER, in her individual capacity,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PRETRIAL ORDER AND CASE MANAGEMENT PLAN

On August 26, 2020, the parties submitted a Certification and Report of FRCP 26(f) Conference and Discovery Plan (the "Report," Doc. 5). In the Report, the parties noted that they had moved to consolidate the above-captioned case with <u>Heaven Cordell v. Cherokee County, et al.</u>, No. 1:20-cv-201, <u>Stephanie Godbold v. Cherokee County, et al.</u>, No. 1:20-cv-202, and <u>Hogan v. Cherokee County, et al.</u>, No. 1:18-cv-96. Doc. 5. During a September 15, 2020 hearing on the Motion to Consolidate, the parties orally requested that another case, <u>Jamie Allen, et al. v. Cherokee County, et al.</u>, No. 1:20-cv-250, also be consolidated.

The Motion to Consolidate was denied with respect to <u>Hogan</u> and denied without prejudice as to the <u>Molly Cordell</u>, <u>Heaven Cordell</u>, <u>Godbold</u>, and <u>Allen</u> matters, with the parties being advised that they could renew their request for consolidation subsequent to final rulings on pending dispositive motions in <u>Godbold</u> and <u>Allen</u>. Doc. 7.

The motions remain pending in <u>Godbold</u> and <u>Allen</u> but there are no similar motions pending in the above-captioned case. Consequently, there appears to be no reason why discovery cannot be opened in this matter and the undersigned will therefore enter the following Pretrial Order and Case Management Plan in accordance with the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Deadlines at a glance**

| | |
|---|---|
| Rule 26 Disclosures | November 20, 2020 |
| Designation of Mediator | December 4, 2020 |
| Expert Designations-Plaintiffs | February 4, 2021 |
| Expert Designations-Defendants | March 3, 2021 |
| Discovery | July 9, 2021 |
| Mediation | July 20, 2021 |
| Motions Deadline | August 10, 2021 |
| Trial | January 10, 2022 term |

I.

A. **TRACK ASSIGNMENT**: This case is assigned to the STANDARD Case Management Track.

II.

A. **DISCOVERY GUIDELINES:**

1. Each **side** may propound no more than **thirty (30)** single part interrogatories.

2. Each **side** may submit no more than **thirty (30)** requests for admissions.

3. Without prior approval of the Court, each side may depose no more than **ten (10)** fact witnesses.

4. Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

B. **RULE 26 DISCLOSURES:** The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **November 20, 2020.**

C. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D. **THE MAINTENANCE OF DISCOVERY MATERIALS:** Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E. **USE OF DEPOSITIONS AT TRIAL:** If depositions are taken during the discovery period which counsel intend to use at trial, counsel are directed to exchange page/line designations and

resolve any objections thereto prior to the final pretrial conference. In the event that video depositions are taken, counsel are directed to edit the video accordingly so that the video may be shown without interruption. Any objections to designations of deposition testimony (whether such testimony is presented in written form or through a video recording), which cannot be resolved by the parties themselves, must be raised in time to be addressed at the final pretrial conference. Failure to do so will result in objections being deemed to be waived.

F. **PROTECTIVE ORDERS:** Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

G. **DISCOVERY COMPLETION:** All discovery, with the exception of *de bene esse* depositions which are discussed below in section H, shall be completed no later than **July 9, 2021.** Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery

requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires no later than fourteen (14) days prior to the Trial Date (as that term is defined in this Order). If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

H.  Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(4) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference, but in any event no later than fourteen (14) days

5

prior to the Trial Date. Such depositions should be presented at trial by video recording whenever possible.

I.  **EXPERT WITNESSES:** Each side shall be entitled to call up to **six (6)** expert witnesses without further leave of Court. Reports for retained experts under Rule 26(a)(2) will be due from Plaintiff no later than **February 4, 2021** and from Defendants no later than **March 3, 2021.** Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

## III.

A.  **MOTIONS DEADLINE:** All motions except motions *in limine* and motions to continue shall be filed no later than **August 10, 2021.** This deadline shall also pertain to all motions attacking the qualifications of an expert witness (<u>i.e.</u>, <u>Daubert</u> motions). Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B.  **MOTIONS HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision.

The Clerk will notify all parties of the date and time set for the hearing.

C.  **MEMORANDA IN SUPPORT OF MOTIONS:** Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed twenty-five (25) pages without Court approval. Briefs must be double spaced and in at least fourteen (14) point type. Motions not in compliance with this order are subject to summary denial. No memorandum, however, need accompany those motions exempted from this provision under Local Rule 7.2 and simple consent motions, motions to continue, and motions to withdraw as counsel provided that such motions contain an adequate statement of the basis for the relief sought.

D.  **RESPONSES TO MOTIONS:** Responses to a motion, if any, must be filed within fourteen (14) days of the date on which the motion's certificate of service is signed. The Court generally deems a motion ripe for determination upon the timely filing of the response but may, in its discretion, rule on a motion before the response time expires, if warranted by the circumstances. Where a motion is not responded to within the time provided, the Court may grant the relief requested, if good cause is shown in such motion. The filing of a reply brief is allowed only if the

7

Case 1:20-cv-00199-MR-WCM     Document 9     Filed 11/05/20     Page 7 of 18

response raises new matters. The reply shall be limited to a discussion of such newly raised matters. Such reply should be filed no later than seven (7) days after the filing of the response, shall not exceed ten (10) pages in length, and shall be double spaced and in at least fourteen (14) point type.

E. **EXTENSIONS OF TIME TO RESPOND:** If counsel need more than fourteen (14) days to file a response, they shall file a motion for extension of time to respond <u>prior to the expiration of the response deadline</u>. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the Court may summarily deny the request. Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

F. **MOTIONS TO COMPEL:** A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After reviewing the merits of a motion and the response thereto, the Court may order the

8

parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. **ALTERNATIVE DISPUTE RESOLUTION**

A. Mediation **IS** ordered in this case.

B. Mediation shall be completed by **July 20, 2021.**

C. The parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected by **December 4, 2020.** If the parties are unable to agree upon a mediator, they shall file with the Court a report stating that they have been unable to agree upon a mediator and the reasons for such inability by **December 4, 2020.**

D. Within seven (7) days of the completion of the mediation, there shall be filed with the Court a Mediation Report which states whether all, a portion or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with

9

Case 1:20-cv-00199-MR-WCM    Document 9    Filed 11/05/20    Page 9 of 18

the Court, except that if the mediator does not have an electronic case filing (ECF) account with the Clerk, then it shall be the responsibility of Defendants to file the Mediation Report for the mediator. It is the responsibility of Defendants to determine whether the mediator has an ECF account with the Clerk.

E. If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the payors shall pay all sums required by the parties' settlement agreement and the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of reaching such agreement, or within thirty (30) days of the mediation, whichever is sooner, unless additional time is sought and granted by the Court.

V. **TRIAL PROCEDURES**

A. **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses <u>at least fourteen (14) days before the day on which the Clerk of Court has set the case for trial</u> (Trial Date). The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. **COUNSEL'S DUTIES PRIOR TO TRIAL**: <u>Either one week before the Trial Date or the business day immediately preceding the final pretrial conference, whichever is earlier</u>, counsel for all parties shall:

(1) Discuss the possibility of a settlement;

(2) Exchange copies of exhibits or permit inspection if copying is impractical;

(3) Number and become acquainted with all exhibits;

(4) Agree upon the issues to be submitted to the jury (if a jury trial has been requested), reduce such issues to writing in the form of a proposed verdict sheet, and file such proposal with the Court. If counsel cannot agree upon the wording of the proposed verdict sheet, each party is directed to file his/her own version with the Court; and

(5) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C. **PROPOSED JURY INSTRUCTIONS:** If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>no later than one (1) week before the Trial Date or the business day immediately preceding the final pretrial conference, whichever is earlier</u>. Additional instructions may be submitted

11

during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. **COUNSEL'S PRE-TRIAL FILINGS:** The parties are to file the following with the Court:

(1) <u>No later than fourteen (14) days prior to the final pretrial conference</u>, counsel for each party shall file any motions *in limine.* Responses to any such motions must be filed <u>no later than seven (7) days prior to the final pretrial conference</u>. For the purposes of this provision, <u>Daubert</u> motions are not to be considered motions *in limine* but are addressed in another portion of this Order.

(2) <u>No later than one (1) week before the Trial Date or the business day immediately prior to the final pretrial conference, whichever is earlier</u>, the parties shall file with the Court:

(a) The issues and stipulations as called for in Paragraphs B(4) and (5) above;

12

(b) The line and page designations of any depositions that counsel intend to introduce at trial. The parties should be prepared to address any objections to such designations at the final Pretrial Conference;

(c) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed twenty-five (25) pages and shall be double spaced and in at least fourteen (14) point type; and

(d) Proposed jury instructions, as described above, or in the event of a non-jury case, proposed findings of fact and conclusions of law.

(3) <u>No later than the business day immediately preceding the Trial Date</u>, counsel for each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, including the particular field in which the party intends to qualify the witness as an expert. The statement should

13

also indicate whether the parties have stipulated to the qualifications of each expert witness;

  (c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

  (d) An exhibit list. The exhibit list should not include any exhibits for which there is a very low likelihood that they will be introduced. Further, the exhibit list should designate each exhibit individually; the use of group exhibits (<u>e.g.</u>, designating a series of photographs as one exhibit) is discouraged. If necessary, the parties may supplement their exhibit lists at trial with additional exhibits upon a showing of just cause and a lack of surprise or unfair prejudice to the opponent.

E. **EXHIBIT NOTEBOOKS**: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare two (2) identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list. Exhibits which have a very low likelihood of being introduced and which have not been included on the party's exhibit list should not be included in the

14

exhibit notebooks. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court can each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be voluminous or otherwise unwieldy.

F. **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #

Description

Stipulation of Authenticity

Stipulation of Admissibility

Objection

Identified by

Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G. **JURY VOIR DIRE:** Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

H. **SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:** If any party fails to comply timely with any of the requirements set forth in this Order, the Court may impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

I. **ASSESSMENT OF JURY COST:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified by 4:00 p.m. of the business day immediately preceding the Trial Date or the parties otherwise establish good cause why the Court should not assess jury costs against the parties.

The Court may set an earlier deadline by further Order. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

VI.

A. **TRIAL DATE:** Trial is scheduled to commence **WITH** a jury during the **January 10, 2022 term**. The Court will endeavor to set the date of the term of court in which this case will be tried at least eight months in advance. The term "Trial Date" has been used throughout this Order to refer to the first day of the term in which this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

B. **LENGTH OF TRIAL:** Trial is anticipated to last **seven (7)** days.

C. A District Judge or Magistrate Judge may convene a settlement conference at any time.

VII.

To the extent that any provision of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreement among the parties.

**IT IS SO ORDERED.**

Signed: November 5, 2020

W. Carleton Metcalf
United States Magistrate Judge