UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 20-199

| | |
|---|---|
| MOLLY CORDELL<br><br>Plaintiffs,<br><br>vs.<br><br>CHEROKEE COUNTY, et al.,<br><br>Defendants. | **BRIEF IN SUPPORT OF MOTION FOR CONSENT PROTECTIVE ORDER** |

This case stems from the alleged removal of Plaintiff, now an adult, from her home by employees of the Cherokee County Department of Social Services ("DSS").

During the litigation of a companion case, *Hogan v. Cherokee County et. al*, 1: 18-cv-96, the Parties exchanged documents related to this case and other cases pursuant to two protective orders related to Department of Social Services records and County personnel files. [*See* 1: 18-cv- 96, Documents 39, 44]. The Parties have not previously requested a protective order for this case because the documents relevant to Plaintiff's claims and defenses were already produced in *Hogan*.

Additional documents related to Plaintiff's claims and defenses have now been requested, and the Defendants will produce these additional records related to employee personnel matters and records related to DSS investigations, including

records from the North Carolina Department of Health and Human Services ("NCDHHS"). Some of these records contain information protected under N.C.G.S. §§ 7B-302, 7B-2901(a), as they related to minor children who resided with Plaintiff, and 153A-98, privacy of DSS records and privacy of county employee personnel files.

Under N.C.G.S. § 7B-302 (a1) (1a), a court may order DSS to reveal confidential information concerning the reporter of abuse, neglect, and dependency. Under N.C.G.S. § 7B-2901 (a), " a complete record of all juvenile cases filed in the clerk's office alleging abuse, neglect, or dependency…may be examined only by order of the court."

Under N.C.G.S. §153A-98 (c)(4), a court may order the release of these records. This statute states as follows:

c) All information contained in a county employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the following instances:

(4) By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court.

The Parties are prepared to release these additional records pursuant to a protective order issued by the Court.

The Parties have contacted Charles Whitehead, attorney for NCDHHS, and he consents to this Motion.

A proposed order has been agreed to by all parties, and is attached to this Brief.

WHEREFORE, the Parties respectfully request that this Honorable Court grant their consent motion for a protective order.

This the 11th day of November, 2021.

s/David A. Wijewickrama
David A. Wijewickrama
*Attorney for Plaintiff*

s/D. Brandon Christian
D. Brandon Christian
*Attorney for Plaintiff*

s/Melissa Jackson
Melissa Jackson
*Attorney for Plaintiff*

s/ Ron Moore
Ron Moore
*Attorney for Plaintiff*

s/Patrick Flanagan
Patrick Flanagan
phf@cshlaw.com
*Attorney for Scott Lindsay in his individual capacity*

s/Mary Euler
Mary Euler
*Attorney for Cindy Palmer in her individual capacity*

s/Sean F. Perrin
Sean F. Perrin
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity and Cindy Palmer in her official capacity*